FILED
2013 May-09 PM 03:21
U.S. DISTRICT COURT
N.D. OF ALABAMA



## IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF ALABAMA

| | | |
|---|---|---|
| **CLEVELAND JENNINGS,** | ) | |
| | ) | |
| **Plaintiff** | ) | **CIVIL ACTION NO:** |
| | ) | |
| **v.** | ) | |
| | ) | |
| **CITY OF TUSCALOOSA** | ) | |
| | ) | |
| **Defendant.** | ) | **Jury Trial Requested** |

## COMPLAINT

### I.   JURISDICTION

1.      This is a suit authorized and instituted pursuant to the Acts of Congress known as Title VII of"The Civil Rights Act of 1964," 42 U.S.C. § 2000e et seq., as amended by the Civil Rights Act of 1991, the "Civil Rights Act of 1866"-42 U.S.C. § 1981, 42 U.S.C. § 1983, "the Age Discrimination in Employment Act," as amended, 29 U.S.C. § 621. et seq., and "the Alabama Age Discrimination in Employment Act" Code of Alabama § 25-1-22 et. seq.

2.      Plaintiff, Cleveland Jennings (hereinafter "Jennings" or "Plaintiff'), is an individual who seeks declaratory, injunctive, and other relief to redress deprivation by Defendant of his right to be free of discriminatory employment practices.

3.      The discriminatory employment actions complained of herein were committed, in the State of Alabama and the County of Tuscaloosa.

## II.   ADMINISTRATIVE EXHAUSTION

4.      Plaintiff Jennings filed a Charge of Discrimination (420-2012-02587) with the Equal Employment Opportunity Commission (hereinafter "EEOC") against the Defendant, City of Tuscaloosa  (hereinafter "City") within 180-days of the last discriminatory act.

5.      On February 7, 2013, the EEOC issued a "Dismissal and Notice of Right to Sue" to Jennings and he is filing this lawsuit less than ninety (90) days after receiving his Notice of Right to Sue.

## III.   PARTIES

6.      Plaintiff, Jennings, is a citizen of the United States over the age of 19 and a resident of the State of Alabama. Plaintiff is over the age of forty (40).

7.      Defendant, City of Tuscaloosa, is an entity subject to suit under Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000e, et seq. as amended by the Civil Acts of 1991, the "Civil Rights Act of 1866"-42 U.S.C. § 1981, 42 U.S.C. § 1983, the "Age Discrimination in Employment Act," as amended, 29 U.S.C. § 621, et seq. and the Alabama Age Discrimination in Employment Act Code of Alabama § 25-1 et. seq. Defendant employs more than fifteen employees.

## IV.   STATEMENT OF FACTS

8.      The Plaintiff re-alleges and incorporates by reference paragraphs 1-7

above with the same force and effect as if fully set out in specific detail herein below.

9.      Plaintiff is a forty-three (43) year old African-American male.  Plaintiff

began his employment with the Defendant in December, 1989 as an Environmental

Services-Laborer/Garbage Collector.

10.     In April 2012, Plaintiff applied for and received the job of Senior

Operator-a driving job.  After working as a Senior Operator for about six (6) weeks,

Plaintiff was informed that based on DUI convictions he received in 1993 and 2006,

he would be disqualified from the Senior Operator position.

11.     Upon information and belief, there are similarly situated white drivers

under forty (40) years of age who have DUI convictions and/or have failed drug

screens but who are not permanently removed from their positions.

12.     The Defendant's DUI policy as enforced has a disparate impact on

African-Americans and employees over the age of forty (40).

V.      COUNTS

A.  RACE DISCRIMINATION
TITLE VII, 42 U.S.C. § 1981, and 42 U.S.C. § 1983

13.     The Plaintiff re-alleges and incorporates by reference paragraphs 1-12

above with the same force and effect as if fully set out in specific detail hereinbelow.

14.     Plaintiff was subjected to unequal treatment regarding his employment

3

because of his race, African-American. Defendant discriminated against the Plaintiff on the basis of his race in the terms and conditions of employment.

15.    As a direct consequence of Defendant's discriminatory actions, Plaintiff has suffered loss of income and employment benefits, loss of prestige and opportunity for advancement, embarrassment, humiliation, severe mental anguish, and emotional pain and distress.

## B.   AGE DISCRIMINATION IN EMPLOYMENT ACT
### 29 U.S.C. § 621. et seq.

16.    The Plaintiff re-alleges and incorporates by reference paragraphs 1-15 above with the same force and effect as if fully set out in specific detail hereinbelow.

17.    Plaintiff was subjected to unequal treatment regarding his employment because of his age. Defendant discriminates on the basis of age in the terms and conditions of employment.

18.    As a direct consequence of Defendant's discriminatory actions, Plaintiff has suffered loss of income and employment benefits, loss of prestige and opportunity for advancement, embarrassment, humiliation, severe mental anguish, and emotional pain and distress.

## C.  ALABAMA AGE DISCRIMINATION IN EMPLOYMENTACT ALABAMA CODE § 25-1-22 et. seq

19.    The Plaintiff re-alleges and incorporates by reference paragraphs 1-18 above with the same force and effect as if fully set out in specific detail hereinbelow.

20.    Plaintiff was subjected to unequal treatment regarding his employment because of his age. Defendant discriminates on the basis of age in the terms and conditions of employment.

21.    As a direct consequence of Defendant's discriminatory actions, Plaintiff has suffered loss of income and employment benefits, loss of prestige and opportunity for advancement, embarrassment, humiliation, severe mental anguish, and emotional pain and distress.

## D.  DISPARATE IMPACT DISCRIMINATION IN VIOLATION OF TITLE VII AND ADEA

22.    The Plaintiff re-alleges and incorporates by reference paragraphs 1-21 above with the same force and effect as if fully set out in specific detail hereinbelow.

23.    The Defendant has discriminated  against the Plaintiff with regards to selection decisions, in violation of Title VII of the Civil Rights Act of 1964, Title 42 U.S.C. § 2000e et seq., as amended by the Civil Rights Act of 1991 and the ADEA.

24.    Specifically, Defendant's selection decisions regarding disqualification

had a disparate impact against African-Americans and individuals over the age of

forty (40) in violation of 42 U.S.C. §2000e-2(k).

25.    Plaintiff has been impacted by the aforementioned selection decisions

and is entitled to all equitable remedies available under § 2000e-2(k).

## VI.    PRAYER FOR RELIEF

WHEREFORE, the Plaintiff respectfully prays that this Court:

1.    Issue a declaratory judgment that the Defendant's acts, policies,

practices, and procedures complained of herein have violated and continue to violate

the rights of the Plaintiff as secured by Title VII, 42 U.S.C. § 1981, 42 U.S.C. § 1983,

the Age Discrimination in Employment Act, as amended, 29 U.S.C. Section 621, et

seq. and the Alabama Age Discrimination in Employment Act Code of Alabama §

25-1-22;

2.    Grant the Plaintiff a permanent injunction enjoining the Defendant, its

agents, successors, employees, attorneys and those acting in concert with the

Defendant and at the Defendant's request from continuing to violate the Plaintiffs

rights;.

3.    Enter an Order requiring the Defendant to make the Plaintiff whole by

granting his appropriate declaratory and injunctive relief, and back-pay, (plus

interest), as well as nominal and/or compensatory, punitive damages, liquidated

damages, and other benefits of employment.

4.      The Plaintiff further prays for such other relief and benefits as the cause

of justice may require, including but not limited to, an award of costs, attorney's fees

and expenses.


                                        Respectfully submitted,

                                        /s/Roderick T. Cooks
                                        Lee Winston
                                        Roderick T. Cooks
                                        Charity Gilchrist-Davis
                                        Attorneys for the Plaintiff

**OF COUNSEL:**
Winston Cooks, LLC
2-20th Street North
Suite 1330
Birmingham, AL 35203
Tel: (205) 502-0970
Fax: (205) 278-5876
rcooks@winstoncooks.com
lwinston@winstoncooks.com

Law Office of Gilchrist Davis, LLC.
2 20th Street North, Suite 1320
Birmingham, AL 35203
Telephone: 205-581-8812
Facsimile:  205-581-8815
Email:  charity@gilchristdavis.com
Website:  www.gilchristdavis.com

**PLAINTIFF'S ADDRESS**

Cleveland Jennings
c/o Winston Cooks, LLC
2-20th Street North
Suite 1330
Birmingham, AL 35203

**DEFENDANT'S ADDRESS**

City of Tuscaloosa/City Hall
2201 University Blvd
P.O. Box 2089
Tuscaloosa, AL 35401
Telephone:  (205) 248-5311
Fax:  (205) 349-0147