FILED

2013 Sep-19  PM 02:25
U.S. DISTRICT COURT
N.D. OF ALABAMA

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ALABAMA
WESTERN DIVISION

| | | |
|---|---|---|
| CLEVELAND JENNINGS, | ) | |
| | ) | |
| Plaintiff; | ) | |
| | ) | |
| vs. | ) | 7:13-cv-00874-LSC |
| | ) | |
| THE CITY OF TUSCALOOSA, | ) | |
| | ) | |
| Defendant. | ) | |

MEMORANDUM OF OPINION

Before the Court is Defendant City of Tuscaloosa's motion to dismiss Plaintiff

Cleveland Jennings's complaint for failure to state a claim under Rule 12(b)(6) of the

Federal Rules of Civil Procedure. (Doc. 6.) The issues have been fully briefed, and for

the reasons stated herein, the motion is due to be granted in part and denied in part.

I.    **Background**[1]

Plaintiff Cleveland Jennings ("Jennings") is a forty-three year old African-

American male. He began working for Defendant City of Tuscaloosa ("City") as a

garbage collector in 1989. In 2012, Jennings became a Senior Operator for the City. A

---

[1] In a 12(b)(6) motion, the Court must accept as true a plaintiff's factual allegations and construe them in his favor as the non-moving party. *Chepstow, Ltd. v. Hunt*, 381 F.3d 1077, 1080 (11th Cir. 2004).

Senior Operator is a driving job. After working in the job for six weeks, he was informed that he was disqualified based on his driving under the influence ("DUI") convictions in 1993 and 2006.

Jennings filed discrimination charges with the Equal Employment Opportunity Commission ("EEOC").  The EEOC issued its "Dismissal and Notice of Right to Sue" on February 7, 2013.  Jennings subsequently filed this action against the City, alleging claims of racial discrimination, disparate impact discrimination, and age discrimination. Specifically, he claims that white drivers under age forty have DUI convictions or have failed drug screens but were not disqualified from their positions. Jennings also claims that the City's DUI policy has a disparate impact on African-Americans and employees over forty years old. In his prayer for relief, Jennings includes a request for punitive damages.

The City filed a motion to dismiss based on Rule 12(b)(6) for failure to state a claim on July 8, 2013. Its primary argument is that the allegations in the complaint are too conclusory to state a claim for relief.

## II.    Standard of Review

Rule 8(a) of the Federal Rules of Civil Procedure requires a pleading to contain "a short and plain statement of the claim showing that the pleader is entitled to

relief." Fed. R. Civ. P. 8(a)(2). The pleading must also contain "a demand for the relief sought, which may include relief in the alternative or different types of relief." Fed. R. Civ. P. 8(a)(3).

"Rule 8 marks a notable and generous departure from the hyper-technical, code-pleading regime of a prior era, but it does not unlock the doors of discovery for a plaintiff armed with nothing more than conclusions." *Ashcroft v. Iqbal*, 556 U.S. 662, 678-679, 129 S. Ct. 1937, 1950 (2009). Instead, "[t]o survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to state a claim for relief that is plausible on its face." *Id.* at 678, 129 S. Ct. at 1949 (internal quotations omitted). *Iqbal* establishes a two-step process for evaluating a complaint.  First, the Court must "begin by identifying pleadings that, because they are no more than conclusions, are not entitled to the assumption of truth." *Id.* at 679, 129 S. Ct. at 1950. Second, "[w]hen there are well-pleaded factual allegations, a court should assume their veracity and then determine whether they plausibly give rise to an entitlement to relief." *Id.* Factual allegations in a complaint need not be detailed, but they "must be enough to raise a right to relief above the speculative level." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555, 127 S. Ct. 1955, 1964-1965 (2007).

When the plaintiff pleads sufficient facts, the Court must give deference to the

plaintiff and assume their veracity. *Iqbal*, 556 U.S. at 679, 129 S. Ct. at 1950. "[A] well-pleaded complaint may proceed even if it strikes a savvy judge that actual proof of these facts is improbable, and that a recovery is very remote and unlikely." *Twombly*, 550 U.S. at 556, 127 S. Ct. at 1965 (internal quotations omitted).

The plaintiff need not specifically plead each element in his or her cause of action, but the complaint must contain "enough information regarding the material elements of a cause of action to support recovery under some viable legal theory." *Am. Fed'n of Labor & Cong. of Indus. Orgs. v. City of Miami, Fla.*, 637 F.3d 1178, 1186 (11th Cir. 2011) (internal quotations omitted). Ultimately, the Court must be able to draw a reasonable inference from the facts that the defendant is liable. *Reese v. Ellis, Painter, Ratterree & Adams, LLP*, 678 F.3d 1211, 1215 (11th Cir. 2012). The Court must construe pleadings broadly and resolve inferences in the plaintiff's favor. *Levine v. World Fin. Network Nat'l Bank*, 437 F.3d 1118, 1120 (11th Cir. 2006). In reviewing the plaintiff's complaint, the Court must "draw on its judicial experience and common sense." *Iqbal*, 556 U.S. at 679, 129 S. Ct. at 1950.

## III.   Analysis

The claims subject to the City's motion fall under three categories: race-based claims, age-based claims, and a demand for punitive damages. The Court will examine

each in turn.

## A.    Race-Based Claims

Jennings makes two claims based on discrimination due to his race.  First, Jennings claims that he was discriminated against based on his race in violation of 42 U.S.C. § 1981 ("§ 1981″), 42 U.S.C. § 1983 ("§ 1983″), and Title VII of the Civil Rights Act of 1964 ("Title VII"), 42 U.S.C. § 2000e *et seq*. Jennings also claims that the City's DUI policies have a disparate impact on African-American employees in violation of Title VII. "A Title VII plaintiff can make a case by proving either disparate treatment or disparate impact." *Mitchell v. Jefferson Cnty. Bd. of Educ.*, 936 F.2d 539, 546 (11th Cir. 1991). Here, Jennings proffers claims based on both theories of discrimination.

### i.    Disparate Impact

Title VII, as amended by the Civil Rights Act of 1991, makes an employer liable for disparate impact if "a complaining party demonstrates that a respondent uses a particular employment practice that causes a disparate impact on the basis of race, color, religion, sex, or national origin and the respondent fails to demonstrate that the challenged practice is job related for the position in question and consistent with business necessity." 42 U.S.C. § 2000e-2(k)(1)(A)(i); *see also Ricci v. DeStefano*, 557

U.S. 557, 577-578, 129 S. Ct. 2658, 2672-2673 (2009) (explaining codification of disparate impact prohibition). "[A] plaintiff can recover under the disparate impact theory by proving that some employment practice that is facially neutral in its treatment of similarly situated employees has a disproportionately adverse effect on those employees who are a member of some protected class." *Mitchell*, 935 F.2d at 546. "Proof of an intent to discriminate is not required." *Id.* The plaintiff must ultimately show statistical evidence that the employment practice impacts members of a protected group. *E.E.O.C. v. Joe's Stone Crab, Inc.*, 220 F.3d 1263, 1274 (11th Cir. 2000).

Jennings relies on two conclusory allegations to support this claim. First, he contends that "Defendant's DUI policy as enforced has a disparate impact on African-Americans and employees over the age of forty (40)." (Doc. 1 ¶ 12.) This is a legal conclusion that must be stricken. *See Twombly*, 550 U.S. at 555, 127 S. Ct. At 1965 (noting that a plaintiff must provide "more than labels and conclusions and a formulaic recitation of the elements of a cause of action"). Jennings also states that "Defendant's selection decisions regarding disqualification decisions had a disparate impact against African-Americans and individuals over the age of (40)." (Doc. 1 ¶ 24.) This statement is most logically read to support the disparate treatment claim and

not the disparate impact claim, but it is also a legal conclusion that provides no factual support for Jennings's claim.

Ultimately, Jennings pleads no facts to give the City notice of the basis for its disparate impact claim. The complaint provides no factual matter to allow an inference that the City's DUI policy disparately impacts African-Americans. Insofar as Jennings argues that the policy is unfairly enforced, this provides support for his disparate treatment claim discussed below and not his disparate impact claim. Thus, the disparate impact claim is due to be dismissed.

### ii.    Disparate Treatment

Disparate treatment discrimination claims under § 1981, § 1983, and Title VII have the same elements and may be considered simultaneously. *Crawford v. Carroll*, 529 F.3d 961, 970 (11th Cir. 2008) (citing *Stallworth v. Shuler*, 777 F.2d 1431, 1433 (11th Cir. 1985)). These claims "all require proof of discriminatory intent." *Vessels v. Atlanta Independent School System*, 408 F.3d 763, 767 (11th Cir. 2005). To show intent, the plaintiff may rely on direct or circumstantial evidence. *Burke-Fowler v. Orange County, Fla.*, 447 F.3d 1319, 1323 (11th Cir. 2006). Jennings has not pleaded any facts suggesting direct evidence, and so the Court must consider whether he has pleaded sufficient facts to state a plausible claim based on circumstantial evidence.

To show intent through circumstantial evidence, the plaintiff must rely on the framework in *McDonnell Douglas Corp. v. Green*, 411 U.S. 792, 802-804, 93 S. Ct. 1817, 1824-1825 (1973). *Id.* at 1562. The *prima facie* case requires a plaintiff to show that: "(1) he belongs to a racial minority; (2) he was subjected to adverse job action; (3) his employer treated similarly situated employees outside his classification more favorably; and (4) he was qualified to do the job." *Id.* Additionally, "the plaintiff will always survive summary judgment if he presents circumstantial evidence that creates a triable issue concerning the employer's discriminatory intent." *Smith v. Lockheed-Martin Corp.*, 644 F.3d 1321, 1328 (11th Cir. 2011).

The Court considers the *prima facie* case for a disparate treatment claim for guidance on what Jennings must plead to make out a plausible claim of disparate treatment discrimination. After *Twombly*, "[a]lthough a Title VII complaint need not allege facts sufficient to make out a classic *McDonnell Douglas* prima facie case, it must provide enough factual matter (taken as true) to suggest intentional race discrimination." *Davis v. Coca-Cola Bottling Co. Consol.*, 516 F.3d 955, 974 (11th Cir. 2008) (internal citations and quotations omitted).

Jennings stated in his complaint that he is an African-American male, a member of a protected class. He was disqualified from his job as a Senior Operator based on his

past DUI convictions, an adverse employment action. Jennings also pleaded that he worked in the job for six weeks before his disqualification, which plausibly suggests that he was qualified for the job.[2]

The City contends that Jennings failed to plead facts suggesting intentional discrimination because he provided insufficient information on the similarly situated employees who received favorable treatment. To determine whether employees are "similarly situated" to satisfy the third element of the *prima facie* case, the Court must consider "'whether the employees are involved in or accused of the same or similar conduct and are disciplined in different ways.'" *Burke-Fowler*, 447 F.3d at 1323 (quoting *Maniccia v. Brown*, 171 F.3d 1364, 1368 (11th Cir. 1999)).

Here, Jennings pleaded: "Upon information and belief, there are similarly situated white drivers under forty (40) years of age who have DUI convictions and/or have failed drug screens but who are not permanently removed from their positions." (Doc. 1 ¶ 11.) Jennings's "and/or" language is too vague to state a plausible claim for relief. In Jennings's case, a comparator must be a white driver who has two DUI convictions and was not permanently removed from his position. A DUI is a criminal

---

[2] For purposes of a motion to dismiss, the Court draws this inference to most strongly favor Jennings. However, to survive a summary judgment motion, Jennings must provide more evidence that he was qualified for a driving job after receiving two DUI convictions.

conviction that stems from driving a vehicle while intoxicated and is significantly different from a failed drug screen. A failed drug screen, unlike a DUI conviction, does not relate to the driving of a vehicle and may not even relate to criminal conduct. An individual may use drugs in his home without operating a vehicle, and days or weeks later that drug may show up in a drug screen. Further, an employee could "fail a drug screen" for use of a drug for which he has a prescription.

Here, had Jennings pleaded that a white driver had a single DUI conviction but was not permanently removed from his position, the Court may have allowed the claim to survive a motion to dismiss. However, since Jennings received two previous DUI convictions, the proper comparator would likely be a driver with multiple DUI convictions who was not removed from his position.

The Court will allow Jennings ten (10) days from the issuance of this Memorandum of Opinion to determine whether he can file an amended complaint containing the necessary factual content. If Jennings files an amended complaint alleging the existence of a proper comparator, the City will be free to file another 12(b)(6) motion to argue that a similarly situated employee in this case must have multiple DUI convictions. The claim will be dismissed after the ten (10) days if Jennings does not file an appropriate amended complaint.

### B.    Age-Based Claims

Jennings also claims that he was discriminated against on the basis of his age in violation of the Age Discrimination in Employment Act ("ADEA"), 29 U.S.C. § 621 et seq., and the Alabama Age Discrimination in Employment Act, Ala. Code § 25-1-22 et seq. Under the ADEA, Jennings alleges both disparate treatment and disparate impact. The City did not explicitly state that it was moving to dismiss the age-based claims. However, Jennings uses essentially the same facts to support both his race-based and age-based claims. Thus, the Court reads the City's motion to request dismissal of all claims in the action. The Court examines each age-based claim.

### i.    Disparate Impact Under the ADEA

Jennings contends that he has pleaded a disparate impact claim on the basis of age under the ADEA. Disparate impact claims are cognizable under the ADEA. *Smith v. City of Jackson, Miss.*, 544 U.S. 228, 240, 125 S. Ct. 1536, 1544 (2005). However, Jennings relied upon the same conclusory statements that support his race discrimination claim to buttress his age discrimination claim. Since these were insufficient to state a claim for disparate impact based on race, they are also not enough to state a claim of disparate impact based on age. *See id.* ("[T]he scope of disparate-impact liability under [the] ADEA is narrower than under Title VII.") The

disparate impact claim based on age discrimination is due to be dismissed.

### ii.    Disparate Treatment Under the ADEA

Jennings contends that the City discriminated against him by subjecting him to unequal treatment due to his age. The ADEA makes it unlawful for employers "to fail or refuse to hire or to discharge any individual or otherwise discriminate against any individual with respect to his compensation, terms, conditions, or privileges of employment, because of such individual's age." 29 U.S.C. § 623(a)(1). In ADEA cases, "the plaintiff retains the burden of persuasion to establish that age was the 'but-for' cause of the employer's adverse action." *Gross v. FBL Financial Services, Inc.*, 557 U.S. 167, 177, 129 S. Ct. 2343, 2351 (2009).

As with claims of race discrimination, a plaintiff can prove age discrimination through direct or circumstantial evidence. *Sims v. MVM, Inc.*, 704 F.3d 1327, 1332 (11th Cir. 2013) (citing *Mora v. Jackson Mem'l Found., Inc.*, 597 F.3d 1201, 1204 (11th Cir. 2010)). Jennings has pleaded no facts to suggest direct evidence of age discrimination, and the Court must consider whether there is circumstantial evidence.

The plaintiff's *prima facie* case to present circumstantial evidence is again based on *McDonnell Douglas*. *Id.* The plaintiff must show: "(1) that [he] was a member of the protected group of persons between the ages of forty and seventy; (2) that [he] was

subject to adverse employment action; (3) that a substantially younger person filled the position that [he] sought or from which [he] was discharged; and (4) that [he] was qualified to do the job for which [he] was rejected." *Kragor v. Takeda Pharmaceuticals America, Inc.*, 702 F.3d 1304, 1308 (11th Cir. 2012). This framework, particularly the third element, may also include an analysis of whether similarly situated employees outside the protected class received favorable treatment. *See MacPherson v. Univ. of Montevallo*, 922 F.2d 766, 774 (11th Cir. 1991) (evaluating a wage disparity claim and stating third element as whether "similarly situated persons outside the protected group received higher wages"); *see also Addison v. Ingles Markets, Inc.*, 515 Fed. App'x 840, 844 (11th Cir. 2013) (evaluating whether similarly situated employees received favorable treatment).  "This court generally has eschewed an overly strict formulation of the elements of a *prima facie* case, particularly in age discrimination cases." *Jameson v. Arrow Co.*, 75 F.3d 1528, 1531 (11th Cir. 1996). The ultimate inquiry on summary judgement "is whether an ordinary person could reasonably infer discrimination if the facts presented remained unrebutted." *Id.*

Jennings alleges that he is forty-three years old, placing him within the class of persons protected in the ADEA. *See Sims*, 704 F.3d at 1331. He also alleges that he was disqualified from his position on the basis of his previous DUI convictions, an

unfavorable employment action. Jennings performed the job for six weeks, which suggests for purposes of a motion to dismiss that he was qualified for the job. However, as noted above, Jennings's "and/or" language for similarly situated employees will not do. To state a plausible claim for disparate treatment based on his age, Jennings must allege that a driver under forty had at least one DUI conviction but was not removed from the job. Even if a younger driver had a DUI conviction, the proper comparator would likely have multiple DUI convictions.

As with the race discrimination claim, Jennings will have ten (10) days from the issuance of this Memorandum of Opinion to file an appropriate amended complaint that  pleads enough facts to state a claim for relief. The claim will be dismissed if Jennings fails to file an appropriate amended complaint within ten (10) days.

### iii.    Discrimination Under the AADEA

Jennings also raises a state law claim of age discrimination under the AADEA. The AADEA provides that it is unlawful for an employer to "[f]ail or refuse to hire or discharge an individual, or otherwise discriminate against an individual with respect to compensation, terms, or privileges of employment, because of the age of the individual." Ala. Code § 25-1-22(1). This language is similar to the language of the ADEA as quoted above. Thus, the *McDonnell Douglas* framework applies to AADEA

cases. *Robinson v. Alabama Central Credit Union*, 964 So. 2d 1225, 1228 (Ala. 2007). Jennings's facts fail to support an ADEA claim, and he must amend his complaint as noted above to properly state his AADEA claim, or it will also be dismissed.

### C.    Punitive Damages

Finally, the City moves to dismiss Jennings's prayer for punitive damages. In his response, Jennings states that he is willing to withdraw the request for punitive damages. Since the parties agree to dismiss the punitive damages claim, the City's motion to dismiss the punitive damages prayer for relief is due to be granted.

## IV.    Conclusion

For the reasons discussed above, the City's motion to dismiss (Doc. 6) is due to be granted in part and denied in part. The motion is due to be granted as to the punitive damages request and disparate impact claims. The Court will deny the motion to dismiss the race-based and age-based disparate treatment and AADEA claims, but these claims will be dismissed if Jennings does not file a well-pleaded amended complaint within ten (10) days of this Memorandum of Opinion.

The disparate impact claims are due to be dismissed. However, Jennings may also file an appropriate amended complaint within ten (10) days if he determines after reviewing this Memorandum of Opinion that he can plead sufficient facts to state a

claim for relief on a disparate impact theory.

A separate order will be entered.

Done this <u>19th</u> day of <u>September 2013</u>.

_____
L. SCOTT COOGLER
UNITED STATES DISTRICT JUDGE
174256